**UNITED STATES of America, Plaintiff–Appellee**

v.

**George COE, Jr., Defendant–Appellant.**

**No. 11–60793
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 16, 2012.

Clyde McGee, Iv, Esq., Assistant U.S. Attorney, James Clayton Joyner, Esq., U.S. Attorney's Office, Oxford, MS, for Plaintiff–Appellee.

Whitman Davis Mounger, Esq., Whitman D. Mounger Law Office, Greenwood, MS, for Defendant–Appellant.

---

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

George Coe, Jr., appeals the 175–month term of imprisonment imposed following his guilty plea conviction to conspiracy to commit wire fraud. *See* 18 U.S.C. §§ 371, 1343, 1349, 2326. Coe argues that (1) the district court clearly erred in enhancing his offense level by two levels pursuant to U.S.S.G. § 3A1.1(b)(1) based on his knowledge of the vulnerability of a victim of the offense; (2) the district court committed procedural error in sentencing him on the basis of clearly erroneous facts regarding his criminal history; (3) the district court committed procedural error in failing to adequately explain the reasons for the above-guidelines sentence; and (4) his sentence is substantively unreasonable.

Pursuant to *Gall v. United States,* 552 U.S. 38, 49–51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), this court engages in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado–Martinez,* 564 F.3d 750, 752 (5th Cir.2009). First, this court considers whether the district court committed a "significant procedural error," such as miscalculating the advisory guidelines range. *Id.* at 752–53. If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 753. Although Coe preserved his challenge to the district court's application of the vulnerable victim enhancement by raising the issue in the district court, Coe

failed to preserve his remaining appellate issues, and, therefore, those issues are reviewable for plain error only. *See Puckett v. United States,* 556 U.S. 129, 135, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009); *United States v. Mondragon–Santiago,* 564 F.3d 357, 361 (5th Cir.2009).

"[T]he determination of whether a victim is vulnerable is a factual finding that the district court is best-suited to make." *United States v. Wilcox,* 631 F.3d 740, 753–54 (5th Cir.), *cert. denied,* —— U.S. ——, 131 S.Ct. 2921, 179 L.Ed.2d 1260 (2011). Contrary to Coe's assertion, a victim need not be targeted for the two-level increase in United States Sentencing Guideline § 3A1.1(b)(1) to apply. *United States v. Gonzales,* 436 F.3d 560, 585 (5th Cir.2006). Coe does not dispute that he secured from the internet lists of names of potential victims, talked to victims of the scheme on the phone, and could tell that some of the victims were elderly. Coe also does not dispute that some victims were "reloaded." Because it was plausible in light of the record as a whole that Coe knew or should have known that at least one of the victims of his offense conduct was a vulnerable victim, Coe has not demonstrated that the district court clearly erred. *See Wilcox,* 631 F.3d at 756.

Coe has not demonstrated error, plain or otherwise, with respect to his argument that the court imposed his sentence on the basis of clearly erroneous facts. *See Gall,* 552 U.S. at 51, 128 S.Ct. 586; *Puckett,* 556 U.S. at 135, 129 S.Ct. 1423. Contrary to Coe's argument that the district court failed to rule on his motion for a downward departure from the Guidelines, the court expressly considered the motion at sentencing and implicitly denied the motion for a below-guidelines sentence when im-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

posing the upward variance. Because the record shows that the district court "carefully explained" its reasons for imposing an upward variance, Coe has not demonstrated error, plain or otherwise with respect to his argument that the district court procedurally erred in failing to provide an adequate explanation for the sentence. *United States v. Smith,* 440 F.3d 704, 708 (5th Cir.2006); *see also United States v. Mares,* 402 F.3d 511, 519 (5th Cir.2005).

The district court's determination that a 175-month sentence was appropriate is justified by the 18 U.S.C. § 3553(a) factors and is not unreasonable under the circumstances. Coe has not demonstrated plain error with respect to his substantive reasonableness argument. *See United States v. Brantley,* 537 F.3d 347, 349–50 (5th Cir.2008). Accordingly, the judgment of the district court is AFFIRMED.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.